TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-203 |
| of | : | |
| | : | May 12, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

The City of Modesto has requested this office to grant leave to sue in quo warranto upon the following:

ISSUE OF FACT OR LAW

Does reasonable cause exist to believe that Richard Patterson, a member of the City Council of the City of Modesto, will not be able to perform the duties of his office for the remainder of his term because of physical or mental incapacity?

DISPOSITION

Reasonable cause exists to believe that Richard Patterson will be unable to perform the duties of his office for the remainder of his term as a member of the City Council of the City of Modesto because of physical or mental incapacity. Accordingly, leave to sue in quo warranto is GRANTED.

THE PARTIES

The City of Modesto ("relator")[1] contends that Richard Patterson ("defendant") has vacated his office as a member of the City Council of the City of Modesto due to physical incapacity.

_____
[1]We have previously determined that a public agency may act as a relator under the provisions of Code of Civil Procedure section 803. (76 Ops.Cal.Atty.Gen. 157, 163 (1993).)

## MATERIAL FACTS

On November 2, 1993, defendant was elected to the City Council of the City of Modesto for a term of four years.  Defendant assumed his duties of office on November 9, 1993, and continued to serve in that capacity until December 26, 1993, when he suffered a severe stroke.  While defendant's condition has continued to improve, he has not attended or performed any public duties since the onset of his illness, and continues to be disabled from doing so due to medical incapacity.  Prospectively, defendant offers no indication as to when he might be able to return to his duties as a council member.

## ANALYSIS

A charter city is governed by the terms of its charter with respect to such matters as the appointment, election, compensation, and removal of its officers and employees.  (See Cal. Const., art. XI, § 5; *Ector* v. *City of Torrance* (1973) 10 Cal.3d 129, 132-133; *Pearson* v. *County of Los Angeles* (1957) 49 Cal.2d 523, 533-537; 64 Ops.Cal.Atty.Gen. 42, 43-45 (1981).)  Hence, the conditions under which a vacancy is created in an office of a charter city depends upon the language of the city's charter.  Here, the charter of the City of Modesto provides that Government Code section 1770 shall govern the existence of a vacancy on the city council.  (Modesto Charter, § 502.)

Government Code section 1770 provides in part as follows:

"An office becomes vacant on the happening of any of the following events before the expiration of the term:

"(a) The death of the incumbent.

"(b) An adjudication pursuant to a quo warranto proceeding declaring that the incumbent is physically or mentally incapacitated due to disease, illness, or accident and that there is reasonable cause to believe that the incumbent will not be able to perform the duties of his or her office for the remainder of his or her term . . . ."

The phrase "reasonable cause to believe" has not been expressly defined by the Legislature for purposes of section 1770.

In the criminal law context, however, we note that reasonable cause to believe that the accused has committed a crime, as a basis for an arrest, does not require certainty beyond doubt, but only that a person of ordinary care and prudence would be led to believe and conscientiously entertain an honest and strong suspicion that the accused is guilty of a crime.  (*People* v. *Turner* (1994) 8 Cal.4th 137, 195; *Mann* v. *Macy* (1984) 155 Cal.App.3d 666, 674.)

In the civil law context, it is to be observed that a cause of action may not be filed for civil conspiracy under the provisions of Civil Code section 1714.10 unless the party making the claim

has established that there is a "reasonable probability" that the party will prevail in the action. In *Burtscher* v. *Burtscher* (1994) 26 Cal.App.4th 720, 725-726, the court recently analyzed this statutory requirement:

> "To start, we reject defendants' contention that establishing a `reasonable probability' under the statute goes beyond a prima facie case . . . . *Hung* v. *Wang* (1992) 8 Cal.App.4th 908, interprets `reasonable probability' under section 1714.10 to mean only a prima facie showing. In the court's words: `As we construe section 1714.10, the trial court may not make findings as to the existence of facts based on a weighing of competing declarations. Whether or not the evidence is in conflict, if the petitioner has presented a sufficient pleading and has presented evidence showing that a prima facie case will be established at trial, the trial court must grant the petition.' ([Id.] at pp. 933-934.) In *Aquino* v. *Superior Court* (1994) 21 Cal.App.4th 847, we adopted the same approach in interpreting `substantial probability' under Code of Civil Procedure section 425.13 to require only a prima facie showing of plaintiff's entitlement to punitive damages. (*Id*. at pp. 854-856.)

> "In making such prepleading determinations, the trial court is not weighing conflicting evidence, determining credibility or drawing inferences. It is performing a `gatekeeping' function, filtering out frivolous allegations of conspiracy but without subjecting them to the `fact adjudicative screen' that would violate the right to a jury trial. ([Id.] at p. 856; *Hung* v. *Wang*, *supra*, 8 Cal.App.4th at p. 931.) . . . ."

In our view, relator has made a prima facie case, whether considered independently or in conjunction with such controverting evidence as has been submitted in connection with this proceeding. Indeed, defendant has been unable to file a declaration on his own behalf in this matter; a spokesperson confirms that defendant has been unable to return to his official duties since he became ill and that he continues to be disabled. Defendant presents no indication as to the date when he might be able to return to his duties of office as a council member.

While the circumstances of defendant's ill health are manifestly unfortunate, and notwithstanding his strong desire to serve the citizens of the City of Modesto, we find that relator has presented a substantial issue of fact or law, by way of the verified declarations of the mayor, city manager, and city clerk, as to the basis for and existence of reasonable cause to believe that defendant will not be able to perform the duties of his office for the remainder of his term.

## PUBLIC INTEREST

Both the City of Modesto, as a public entity, and the city's residents have an interest in the timely and effective execution of the public duties of all city officers and employees. We find no countervailing considerations in the facts or circumstances presented by defendant that would warrant delay in instituting a quo warranto proceeding. The public interest in granting leave to sue is thus statutorily (Gov. Code, § 1770, subd. (b)) and factually supported.

\* \* \* \* \*